# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT PELTZ, | ) | CASE NO.    1: 05 CV 2643 |
| PLAN ADMINISTRATOR, | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD N. MORETTI, et al., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

This matter comes before the Court subsequent to a one-day bench trial.

## I.

Following the trial in the instant case, the parties were given the opportunity to submit proposed findings of fact and conclusions of law, along with proposed sanctions.  On November 17, 2006, Plaintiff filed an Amended Motion for Sanctions Against Defendants Moretti Nursery, Inc. and R & V Moretti, Inc..  (ECF # 61.)  Plaintiff likewise filed an Amended Motion for Sanctions Against Defendants Alan P. Metzger and Anderson, Metzger & Company, PC.  (ECF # 62.)  Finally, on the same day, Plaintiff filed Proposed Findings of Fact and Conclusions of Law.  (ECF # 63.)

On November 28, 2006, Defendants made several filings in this case.  First, Defendants Moretti Nursery, Inc., R & V Moretti Nursery, Inc., Richard N. Moretti and Venetta A. Moretti filed a Motion for Reconsideration, moving this Court to reconsider its August 25, 2006 Order granting Plaintiff's Motion for Partial Summary Judgment.  (ECF # 65.)  Second, Defendants filed a response to Plaintiff's Amended Motion for Sanctions Against Defendants Moretti  Nursery, Inc. and R & V Moretti, Inc..  (ECF # 66.)  Third, Defendants filed their Proposed Findings of Fact and Conclusions of

Law. (ECF # 67.) Finally, Defendants filed a Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment and a Motion for Summary Judgment. (ECF # 68.)

On December 4, 2006, Plaintiff filed a Brief in Opposition to Defendants' Motion for Reconsideration (ECF # 69) and a Reply Brief in Support of the Amended Motion for Sanctions Against Defendants Moretti Nursery, Inc. and R & V Moretti, Inc. (ECF # 70). The next day, on December 5, 2006, Plaintiff filed a Motion to Strike Defendants' Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment and Motion for Summary Judgment. (ECF # 71.) Accordingly, the issues have been briefed fully and are now before the Court for disposition.

## II.

The Court first turns to the filings related to Plaintiff's Motion for Partial Summary Judgment. In particular, the Court addresses Defendants' Motion for Reconsideration (ECF # 65), Defendants' Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF # 68), Defendants' Motion for Summary Judgment (ECF # 68), and Plaintiff's Motion to Strike (ECF # 71).

Plaintiff originally filed the Motion for Partial Summary Judgment on July 28, 2006, moving the Court to enter judgment against Defendants Richard N. Moretti, Moretti Nursery, Inc. and R & V Moretti, Inc. on the claims of breach of fiduciary duty, fraudulent transfer and alter ego. (ECF # 25.) Defendants did not file a response to Plaintiff's Motion. As such, on August 25, 2006, the Court entered an Order granting the Motion without objection or response. (ECF # 30.) The Court further found that, based upon the information before it, there are no genuine issues of material fact in dispute. (*Id.*)

Over three months later, and after completion of the bench trial in this case, Defendants Moretti

2

Nursery, Inc., R & V Moretti Nursery, Inc., Richard N. Moretti and Venetta A. Moretti filed their Motion for Reconsideration, asking this Court to reconsider the granting of Plaintiff's Motion for Partial Summary Judgment.  (ECF # 65.)  The purported basis for Defendants' Motion is summarized in the following sentence, taken from their Memorandum in Support, "Plaintiff's Motion for Partial Summary Judgment was granted during a period when these Defendants were unrepresented and when their new counsel was struggling with computer problems."  (*Id.* at 2.)  On the same day, without leave of Court, Defendants filed a Memorandum in Opposition to the Motion for Partial Summary Judgment (ECF # 68), as well as their own Motion for Summary Judgment (ECF # 68).  In opposition, Plaintiff filed a Brief in Opposition to Defendants' Motion to Reconsider (ECF # 69), and a Motion to Strike Defendants' Memorandum in Opposition to Summary Judgment, Motion for Summary Judgment and supporting affidavit from the record (ECF # 71).

  This Court has thoroughly reviewed Defendants' Motion for Reconsideration (ECF # 65) and Plaintiff's Motion to Strike (ECF # 71).  Having done so, the Court finds no reason to depart from its previous ruling granting judgment in favor of Plaintiff.  The record reflects that, during the entirety of this case, Defendants have been represented by counsel.  Defendants were made aware of deadlines established by the Court for filing motions for summary judgment, memoranda in opposition, and reply briefs.  Defendants opted not to comply with those deadlines, instead filing their opposition to Plaintiff's Motion long after the Motion had been ruled on and, at the same time, filing their own Motion for Summary Judgment without leave of Court subsequent to the trial in this case.  Based upon these circumstances, the Court's August 25, 2006 Order granting Plaintiff's Motion for Partial Summary Judgment (ECF # 30) remains intact.  Plaintiff's Motion for Partial Summary Judgment is meritorious,

and there exists nothing before to the Court to indicate that the Motion should not have been granted. Accordingly, Defendants' Motion for Reconsideration (ECF # 65) is DENIED, Plaintiff's Motion to Strike (ECF # 71) is GRANTED, and Defendants' Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, their Motion for Summary Judgment and supporting affidavit (ECF # 68) shall be stricken from the record.  The Court now turns to the pending Motions for Sanctions.

### III.

In his Amended Motion for Sanctions against Defendants Moretti Nursery, Inc. and R & V Moretti, Inc., Plaintiff asserts that, despite being compelled by the Court to do so, Defendants Moretti Nursery, Inc. and R & V Moretti, Inc. never responded to Plaintiff's interrogatories and requests for production of documents.  (ECF # 61 at 2.)  As such, pursuant to Rule 37, Plaintiff asks that the Court find the following facts:

1. Valuable property was transferred from Moretti Nursery, Inc. to R & V Moretti, Inc. and was not subject to a secured interest in excess of its value.

2. Moretti Nursery, Inc. transferred the property to R & V Moretti, Inc., when Moretti Nursery, Inc. was unable to pay its debts as they became due and was insolvent.

3. Defendants Moretti Nursery, Inc., and R & V Moretti, Inc., conveyed information to Alan P. Metzger, Anderson Metzger & Company, George Vince, Jr., and Bates & Vince, LLC that Moretti Nursery, Inc. had an outstanding debt to Plaintiff and was insolvent at the time the assets were transferred to R & V Moretti, Inc..

4. Defendants Alan P. Metzger, Anderson Metzger & Company, PC, George A. Vince, Jr., and Bates & Vince, LLC, materially assisted and advised Richard N. Moretti in the transfer of property from Moretti Nursery, Inc., to the newly created R & V Moretti, Inc..

5. The actions of Alan P. Metzger, Anderson Metzger & Company, George A. Vince, Jr., Bates & Vince, LLC, Richard N. Moretti, Venetta A. Moretti, Moretti

>   Nursery, Inc., and R & V Moretti, Inc. were maliciously undertaken to subject Plaintiff to economic harm.

(*Id.* at 3-8.)

Similarly, in his Amended Motion for Sanctions Against Defendants Alan P. Metzger and Anderson, Metzger & Company, PC, Plaintiff asserts that, despite being compelled by the Court to do so, Defendants Alan P. Metzger and Anderson, Metzger & Company, PC never responded to Plaintiff's interrogatories and requests for production of documents. (ECF # 62 at 2.) As such, pursuant to Rule 37, Plaintiff asks that the Court find the following facts:

>   1. Valuable property was transferred from Moretti Nursery, Inc. to R & V Moretti, Inc. and was not subject to a secured interest in excess of its value.
>
>   2. Moretti Nursery, Inc. transferred the property to R & V Moretti, Inc., when Moretti Nursery, Inc. was unable to pay its debts as they became due and was insolvent.
>
>   3. Defendants Anderson Metzger & Company, PC, and Alan P. Metzger both possessed knowledge that Moretti Nursery, Inc. had an outstanding debt and to Plaintiff and was insolvent.
>
>   4. Defendants Anderson Metzger & Company, PC, and Alan P. Metzger materially assisted and advised Richard N. Moretti in the transfer of property from Moretti Nursery, Inc., to the newly created R & V Moretti, Inc..
>
>   5. Defendants Anderson Metzger & Company, PC, and Alan P. Metzger maliciously undertook to economicly [sic] harm Plaintiff in combination with the other defendants.
>
>   6. Defendant Alan P. Metzger undertook his representation of Richard N. Moretti and Moretti Nursery, Inc., on behalf of, and pursuant to his affiliation and position with Anderson Metzger & Company, PC.

(*Id.* at 3-10.)

Although Defendants filed a response to the Amended Motion for Sanctions against Defendants

Moretti Nursery, Inc. and R & V Moretti, Inc. (ECF # 66), they did not file a response to the Amended Motion for Sanctions Against Defendants Alan P. Metzger and Anderson, Metzger & Company, PC.  In opposing the Motion, Defendants again claim that they were unrepresented by counsel and state that Plaintiff's failure to comply with the applicable discovery rules bars Plaintiff's requested relief in this instance.  (*Id.* at 4.)  Finally, Defendants argue that, because there is an absence of bad faith, Plaintiff's Motion should be denied.  (*Id.*)

The record in this case demonstrates that Defendants were compelled to provide discovery on several occasions.  Despite the change in counsel, Defendants Moretti Nursery, Inc., R & V Moretti, Inc., Alan P. Metzger, and Anderson, Metzger & Company, PC, have never attempted to respond to Plaintiff's discovery requests.  Further, there is no question that such Defendants received notice of the Court's Orders, as they appear plainly on this Court's docket.  There being no attempt to respond to discovery in a timely or even belated fashion, this Court finds that sanctions are warranted.  Accordingly, the Court accepts the factual findings as set forth by Plaintiff.  Based on the foregoing, the Amended Motions for Sanctions are GRANTED.  (ECF # 61, ECF # 62.)

## IV.

Having granted summary judgment on the claims of breach of fiduciary duty, fraudulent transfer and alter ego, the sole issue before the Court at trial was the claim for civil conspiracy.  At trial, Plaintiff presented evidence in the form of a judgment in the United States District Court for the District of Delaware and the deposition testimony of Richard N. Moretti.  Defendants did not present any evidence.  The Court makes the following findings of fact and conclusions of law based upon the evidence presented at trial as well as its ruling on the Motions for Sanctions:

1. The United States District Court for the District of Delaware entered judgment in favor of Scott Peltz, as the Plan Administrator for the Consolidated Estate of Creditors, in the amount of $72,317.90, against Moretti Nursery, Inc..

2. Under Ohio law, civil conspiracy consists of a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.

3. A malicious combination of two or more persons to injure another in person or property as required to support a civil conspiracy claim under Ohio law is satisfied in this case.

4. Defendants Richard N. Moretti and Venetta A. Moretti consulted with George A. Vince, Jr., Bates & Vince, LLC, Alan P. Metzger, and Anderson Metzger & Company, PC, to fraudulently transfer the assets of Moretti Nursery, Inc., into R & V Moretti, Inc., a corporation formed for the purposes of avoiding the debt owed to Plaintiff.

5. George Vince, Jr., of Bates & Vince, LLC, in consultation with Richard N. Moretti, incorporated R & V Moretti, Inc. and facilitated the transfer of valuable assets from Moretti Nursery, Inc. to R & V Moretti, Inc., with knowledge that the debt to Plaintiff remained unsatisfied.

6. Alan P. Metzger, of Anderson Metzger & Company, PC, likewise facilitated the transfer of valuable assets from Moretti Nursery, Inc. to R & V Moretti, Inc., with knowledge that the debt to Plaintiff remained unsatisfied.

7. With the knowledge of Defendants, Moretti Nursery, Inc. transferred its valuable rights and assets to R & V Moretti, Inc., while insolvent, but still possessing significant assets and while the judgment in favor of Scott Peltz remained unsatisfied.

8. Richard N. Moretti and Venetta A. Moretti, as co-owners of R & V Moretti, Inc., received the fraudulently transferred assets of Moretti Nursery, Inc..

9. The fraudulent transfers of property from Moretti Nursery, Inc. to R & V Moretti, Inc. are an unlawful independent acts for purposes of finding a civil conspiracy

under Ohio law.

10. Plaintiff has suffered injury and unjust loss as a result of Defendants' conduct.

11. Defendants are jointly and severally liable to Plaintiff for $72,317.90 in compensatory damages.

12. Punitive damages are not warranted in this case.

## V.

Based upon the foregoing, the Court's August 25, 2006 Order granting Plaintiff's Motion for Partial Summary Judgment (ECF # 30) remains intact.  Accordingly, Defendants' Motion for Reconsideration (ECF # 65) is DENIED, Plaintiff's Motion to Strike (ECF # 71) is GRANTED, and Defendants' Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, their Motion for Summary Judgment and supporting affidavit (ECF # 68) shall be stricken from the record. Further, Plaintiff's Amended Motions for Sanctions are GRANTED, and the Court accepts the factual findings as set forth in Motions.  (ECF # 61, ECF # 62.)  Finally, the Court finds in favor of Plaintiff and against Defendants on the sole claim before it trial, namely civil conspiracy.  As such, Defendants are jointly and severally liable to Plaintiff for $72,317.90 in compensatory damages.  Punitive damages shall not be awarded in this case.  Costs are assessed to Defendants.  This case is TERMINATED.

IT IS SO ORDERED.

                                         *s/ Donald C. Nugent*
                                         DONALD C. NUGENT
                                         United States District Judge

DATED: January 3, 2007