IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT PELTZ, | ) | CASE NO. 1:05 CV 2643 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| RICHARD N. MORETTI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the motion by plaintiff Scott Peltz for summary judgment against defendants Alan P. Metzger and Anderson Metzger & Company (Metzger).[2]  Peltz has also supplemented this motion with an additional memorandum in support.[3]  By this motion, Peltz seeks $72,317.90 in compensatory damages from Metzger together with punitive damages of $144,000.00, attorney, fees and costs.[4]  Metzger has not responded to the present motion.

For the reasons that follow, I will recommend granting in part Peltz's motion for summary judgment and denying it in part, as set forth below.

---

[1] ECF # 94.

[2] ECF # 104.

[3] ECF # 105.

[4] ECF # 104 at 1.

# Facts

## A.    Prior proceedings

As the Sixth Circuit stated in an appeal from an earlier judgment, "[t]his case stems from an ill-conceived effort to transfer assets to a new corporation in order to shield them from a money judgment."[5]  Essentially, Peltz, a plan administrator under a bankruptcy, obtained a judgment in United States District Court in Delaware against Moretti Nursery, Inc. for $72,217.90.[6]  However, in response to Peltz's efforts to collect on that judgment, Richard Moretti, the owner of the eponymous nursery, transferred the nursery's assets to a new corporation he admitted was formed for the purpose of continuing to operate his nursery business while not paying the judgment to Peltz.[7]  Upon Peltz's motion for partial summary judgment,[8] Moretti was found personally liable for the judgment along with his companies.[9]

At the same time, Peltz was pursuing a civil conspiracy claim against Moretti and Metzger, his accountant, who allegedly participated with Moretti in the scheme to transfer assets out of the reach of the judgment.[10]  When both Metzger and Moretti failed to respond to interrogatories and requests for production of documents, Rule 37 discovery sanctions

---

[5] ECF # 91 at 1 (Opinion in *Peltz v. Moretti*, No. 07-3338 (6th Cir. Sept. 11, 2008)).

[6] *Id*. at 2.

[7] *Id*.

[8] ECF # 25.

[9] *Id.*

[10] *Id*. at 3.

were imposed against both Metzger[11] and Moretti.[12]  In addition, all parties filed a joint proposed stipulation of facts and disputed facts with the Court.[13]

After the District Court conducted a bench trial,[14] the parties filed a blizzard of motions.  Peltz amended his previously-filed motions for sanctions[15] and asked the Court to find additional facts.[16]  Moretti responded by moving to reconsider the grant of partial summary judgment to Peltz,[17] opposing Peltz's motion for sanctions,[18] proposing his own findings of fact[19] and filing his own motion for summary judgment.[20]  Peltz, in turn, sought to have Moretti's motion for summary judgment stricken from the record.

The District Court then ruled on the outstanding motions before it.[21]  Specifically, for present purposes, the Court granted Peltz's motion for Rule 37 sanctions against Moretti,

---

[11] ECF # 41.

[12] ECF # 42.

[13] ECF # 43.

[14] *See*, ECF # 60 (minutes of proceedings), # 83 (transcript).

[15] ECF # 61 (amended motion for sanctions against Moretti); ECF # 62 (amended motion for sanctions against Metzger).

[16] ECF # 63 (proposed findings of fact and conclusions of law).

[17] ECF # 65.

[18] ECF # 66.

[19] ECF # 67.

[20] ECF # 68.

[21] ECF # 72.

issuing a series of findings of fact and conclusions of law based upon both the evidence adduced at the bench trial and on the material presented in connection with the motion for sanctions.[22]

On appeal, the Sixth Circuit initially determined that the impositions of discovery sanctions should be set aside in this matter.[23]  Further, the Sixth Circuit also found that, because the facts supporting the summary judgment against Metzger on civil conspiracy were based on both facts deemed true by sanction as well as facts established at trial, the Court could not discern from the record which facts were proven solely from the trial and did not rely on the sanctions.[24]  Therefore, it remanded the case "for the purpose of determining if the facts established at trial are sufficient to support the judgment, and, if so, a determination of damages."[25]  It is this issue which has been referred to me for a report and recommendation.

Subsequent to that remand and subject to my order, Peltz again deposed Moretti[26] and then filed the present motion for summary judgment[27] together with a supplemental

---

[22] *Id.*

[23] ECF # 91 at 7.

[24] *Id.* at 11-12.

[25] *Id.* at 12.

[26] ECF # 104, Exhibit 1.

[27] ECF # 104.

memorandum in support.[28]  In the motion, Peltz, relying on both the earlier deposition of Moretti that was introduced at the bench trial and a subsequent deposition taken after remand, seeks first to establish evidentiary support from these sources, along with other sources not connected with the former sanctions, for the following 15 findings of fact and conclusions of law:

    1.    The United States District Court for the District of Delaware entered judgment in favor of Scott Peltz, as the Plan Administrator for the Consolidated Estate of Creditors, in the amount of $72,317.90, against Moretti Nursery, Inc.

    2.    Alan Metzger was aware of the debt owed to Scott Peltz by Moretti Nursery.

    3.    Alan Metzger was aware that there were sufficient assets in Moretti Nursery to pay the debt owed to Scott Peltz.

    4.    Alan Metzger works for Anderson Metzger and Co. PC.

    5.    Alan Metzger helped devise a plan whereby the debt owed to Scott Peltz would not be paid because all the assets from Moretti Nursery, Inc. would be transferred to a newly formed Corporation named R&V Moretti, Inc.

    6.    The transfer of assets from Moretti Nursery, Inc. to R&V Moretti was a fraudulent transfer.  The court had already deemed the transfers from Moretti Nursery to R&V Moretti were fraudulent transfers in the motion for summary judgment decided on.

    7.    Alan Metzger was paid by Richard Moretti to devise the plan whereby the debt owed to Scott Peltz would not be paid because all the assets from Moretti Nursery, Inc. would be transferred to R&V Moretti, Inc.

---

[28] ECF # 105.

8.     The testimony at trial, including but not limited to the tax returns, demonstrated that there were sufficient assets in Moretti Nursery, Inc. to have satisfied the debt to Scott Peltz prior to the transfer to R&V Moretti.

9.     The testimony at trial and the deposition afterwards demonstrate that there were sufficient assets in Moretti Nursery, Inc. to have satisfied the debt to Scott Peltz prior to the transfer to R&V Moretti.

10.     Under Ohio law, civil conspiracy consists of a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.

11.     A malicious combination of two or more persons to injure another in person or property as required to support a civil conspiracy claim under Ohio law is satisfied in this case.

12.     Because Moretti Nursery no longer had assets to satisfy Scott Peltz's judgment, Scott Peltz has been damaged in the amount of $72,317.90.

13.     Defendants, Alan Metzger and Anderson Metzger and Company, PC, are jointly and severally liable to Plaintiff for $72,317.90 in compensatory damages.

14.     Alan Metzger and Anderson Metzger and Company, PC, acted with malice and a callous and reckless disregard of the consequences or the legal rights of the Bankruptcy Administrator, Scott Peltz.

15.     Because Alan Metzger and Anderson Metzger and Company, PC acted with malice to the Plaintiff, Bankruptcy Administrator, punitive damages are due to the Plaintiff in the amount of $144,000.00 along with attorney fees, expenses and costs of bringing and prosecuting this action.[29]

I should note that these proposed findings of fact and conclusions of law largely follow the findings previously made by the District Court with two significant exceptions: first, these current proposed findings include a determination that Metzger acted "with malice

---

[29] ECF # 104 at 13-14.

and a callous and reckless disregard for the consequences or the legal rights" of Peltz;[30] and second, because Metzger acted with malice, Peltz is entitled to punitive damages approximately double the amount of debt, plus attorney fees, costs, and expenses.[31]

I further note again that Metzger has not responded to Peltz's present motion.

## Analysis

### A.     Standard of review – Summary Judgment

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[32]  The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.[33]

A fact is "material" only if its resolution will affect the outcome of the lawsuit.[34] Determination of whether a factual issue is "genuine" requires consideration of the applicable

---

[30] *Id*. at 14, proposed finding of fact/conclusion of law number 14.

[31] *Id*., proposed finding of fact/conclusion of law number 15.

[32] Fed. R. Civ. P. 56(c).

[33] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).

[34] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

evidentiary standards.[35]  The court will view the summary judgment motion "in the light most favorable to the party opposing the motion."[36]

 Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.[37]  Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[38]  Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.[39]

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover.[40]  The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury."[41]  "In other words, the movant can challenge the opposing party to 'put up or shut up' on a critical issue."[42]

---

[35] *Id.* at 252.

[36] *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

[37] *McDonald v. Petree*, 409 F.3d 724, 727 (6th Cir. 2005) (citing *Celotex*, 477 U.S. at 322).

[38] *Leadbetter v. Gilley*, 385 F.3d 683, 689 (6th Cir. 2004) (quoting *Anderson*, 477 U.S. at 248-49).

[39] *Anderson*, 477 U.S. at 249-50 (citation omitted).

[40] *Id.* at 256.

[41] *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

[42] *BDT Prods. v. Lexmark Int'l*, 124 F. App'x 329, 331 (6th Cir. 2005).

In sum, proper summary judgment analysis entails the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[43]

In a motion for summary judgment, the movant has the burden of showing the absence of a genuine issue as to a material fact.[44]  The movant bears this burden even if the nonmovant fails to respond to the motion.[45]  The court is required to examine the movant's motion to make sure that the movant has met this burden.[46]  Thus, even if a party fails to respond to a motion for summary judgment, the burden remains on the moving party to demonstrate that there is no genuine issue as to any material fact.[47]  A court considering a motion for summary judgment is required to consider all the evidence on file.[48]

In order to defeat a motion for summary judgment, the nonmoving party must show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant.[49]  After the movant has pointed to record evidence showing

---

[43] *Anderson*, 477 U.S. at 250.

[44] *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991).

[45] *Id.*

[46] *Id.*

[47] *Kendall v. Hoover Co.*, 751 F.2d 171, 173 (6th Cir. 1984).

[48] *Id.* at 173-74.

[49] *Guarino v. Brookfield Township Trs.*, 980 F.2d 399 (6th Cir. 1992).

the absence of genuine issues of material fact, the nonmovant must set forth specific facts

showing that there is a genuine issue.[50]  "Nothing in either the Rules or case law supports an

argument that the trial court must conduct its own probing investigation of the record."[51]

However the court must still carefully review the legitimacy of the unopposed motion for

summary judgment.[52]

**B.      Standard of review – Punitive Damages**

Ohio law provides by statute for the award of punitive damages.[53]  Initially, it must

be emphasized that Ohio is in accord with the view that punitive damages are not meant to

compensate an injured party but, rather, are "'private fines levied by civil juries to punish

reprehensible conduct and to deter its future occurrence.'"[54]  That said, as the Ohio Supreme

Court recently stated in construing Ohio's statute, punitive damages may be allowed "only

when (1) the defendant acted with either actual malice or aggravated or egregious fraud and

(2) the trier of fact awards the plaintiff compensatory damages."[55]  "'Actual malice' for these

purposes is (1) that state of mind under which a person's conduct is characterized by hatred,

---

[50] *Id.* at 405.

[51] *Id.*

[52] *Id.* at 407.

[53] Ohio Rev. Code § 2315.21(C)(1), (2).

[54] *Arbino v. Johnson & Johnson*, 116 Ohio St. 3d 468, 498, 880 N.E.2d 420, 441
(2007) (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974).

[55] *Niskanen v. Giant Eagle*, __ Ohio St. 3d __, __ N.E.2d __, 2009 WL 2341866, at
*3 (Ohio July 30, 2009).

-10-

ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other

persons that has the great possibility of causing substantial harm."[56]

However, merely establishing that a plaintiff is entitled to compensatory damages or

that a tort was committed does not automatically establish a right to punitive damages.[57]

Although punitive damages may be awarded in tort cases involving fraud,[58] to be awarded

punitive damages a party must first establish the elements of the fraud itself and then

demonstrate "'that the fraud is aggravated by the existence of malice or ill will, or must

demonstrate that the wrongdoing is particularly gross or egregious.'"[59]

The party seeking punitive damages bears the burden of proving entitlement to them

by clear and convincing evidence.[60]  Clear and convincing evidence has been described by

---

[56] *Calmes v. Goodyear Tire & Rubber Co*., 61 Ohio St. 3d 470, 473, 575 N.E.2d 416 (1991) (quoting *Preston v. Murty*, 32 Ohio St. 3d 334, 512 N.E.2d 1174 at syllabus (1987) (emphasis omitted)).

[57] *W.D.I.A Corp. v. McGraw-Hill*, 34 F. Supp. 2d 618, 627-28 (S.D. Ohio 1998); *Motorists Mut. Ins. Co. v. Said*, 63 Ohio St. 3d 690, 696, 590 N.E.2d 1228, 1233 (1992) (*overruled in part on other grounds by Zoppo v. Homestead Ins. Co.*, 71 Ohio St. 3d 552, 644 N.E.2d 397 (1994)).

[58] *Columbus Finance v. Howard*, 42 Ohio St. 2d 178, 327 N.E.2d 654, 658 (1975).

[59] *Stancic v. CNBC*, 420 F. Supp. 2d 800, 806 (N.D. Ohio, 2006) (quoting *Charles R. Combs Trucking v. Int'l Harvester Co.*, 12 Ohio St. 3d 241, 466 N.E.2d 883 (1984) (paragraph 3 of syllabus)).

[60] Ohio Rev. Code § 2315.21(E)(3).

the Supreme Court of Ohio as that evidence "which will produce in the trier of facts a firm belief or conviction as to the facts sought to be established."[61]

## C.    Standard of review – Attorney Fees

"Federal courts generally apply state law when deciding whether to award attorneys fees on state law claims."[62]  In that regard, Ohio usually follows the American Rule that "the prevailing party may not ordinarily recover attorneys fees in the absence of a statute or enforceable contract providing for a fee award."[63]

However, in Ohio "'attorneys fees may be awarded as an element of compensatory damages where the jury finds punitive damages are warranted.'"[64]  As the Ohio Supreme Court recently held, in a tort action involving fraud, a jury may award punitive damages and "when punitive damages are awarded, the award for compensatory damages may include attorney fees."[65]  Stated differently, the rule in Ohio is that "[w]ithout a finding of malice and the award of punitive damages, [a] plaintiff cannot justify the award of attorney fees."[66]

---

[61] *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954) (paragraph 3 of syllabus).

[62] *PTG Logistics v. Bickel's Snack Foods*, 196 F. Supp. 2d 593, 608 (S.D. Ohio 2002) (citing *Shimman v. Int'l Union of Op. Engrs. Local 18*, 744 F.2d 1226, 1237 n.17 (6th Cir. 1984)).

[63] *Shumman*, 744 F.3d at 1229 (citation omitted).

[64] *Galmish v. Cicchini*, 90 Ohio St. 3d 22, 30, 734 N.E.2d 782, 795 (2000), quoting *Zoppo*, 71 Ohio St. 3d at 558, 644 N.E.2d at 602.

[65] *Zappitelli v. Miller*, 114 Ohio St. 3d 102, 103, 868 N.E.2d 968, 969 (2007).

[66] *Id*., quoting *Digital v. Analog Design Corp. v. North Supply Co.*, 63 Ohio St. 3d 657, 590 N.E.2d 737 (1992).

-12-

**D.     Standard of review – Costs**

28 U.S.C. § 1920 provides that certain specific costs incurred in litigation may be taxed as costs against the losing party.  As the Supreme Court has stated, when considering requests for the taxation of costs, "federal courts are bound by the limitations set out in ... § 1920."[67]  However, "'courts may interpret the meaning of items listed in ... § 1920.'"[68]

In regards to obtaining the taxing of any cost permitted by the statute, Federal Rule of Civil Procedure 54(d) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorney fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  The Sixth Circuit has held that this provision of the Rules "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court."[69]

In exercising that discretion while reviewing a request for the taxation of costs, the court looks "first to whether the expenses are allowable cost items and then to whether the

---

[67] *Crawford Fitting Co. v. J.T.Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *see also*, *American Trim v. Oracle Corp.*, 230 F. Supp. 2d 803, 807 (N.D. Ohio 2002).  "To be compensable a particular expense must fall into one of the categories of costs statutorily authorized for reimbursement."

[68] *BDT Products v. Lexmark Int'l*, 405 F.3d 415, 419 (6th Cir. 2005) (quoting Kurtis Kemper, Annotation, *Taxation of costs associated with videotaped depositions under 28 U.S.C. § 1920 and Rule 54(d) of Federal Rules of Civil Procedure*, 156 A.L.R. Fed. 311 (2004).

[69] *White & White v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986); *see also, BDT Products*, 405 F.3d at 419.  The district court "has broad discretion in allowing or disallowing the particular items listed in § 1920 as costs."

-13-

amounts are reasonable and necessary."[70] The court may not award costs until it has independently determined that the expenses sought to be taxed as costs were for material or services "'necessarily obtained for use in the case' ... and in an amount that is reasonable."[71]

Even though Rule 54(d) contains a presumption for awarding costs and district courts have broad discretion to allow specific items permitted by § 1920 as costs, these factors do not, therefore, give district courts "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur."[72]  Rather, the district court must always subject a submission of costs to "careful scrutiny."[73]

In this regard, while it is unclear in this Circuit as to whether the prevailing party seeking taxation of costs has the burden to establish the necessity and reasonableness of its claimed expenses,[74] or whether it is the burden of the party opposing a taxation of costs to specify which claimed expenses are unnecessary or unreasonable,[75] the better approach, as

---

[70] *Jefferson v. Jefferson County Pub. School Sys.*, 360 F.3d 583, 591 (6th Cir. 2004).

[71] *Hartford Fin. Servs. Group v. Cleveland Public Library*, No. 1:99CV1701, 2007 WL 963320, at *2 (N.D. Ohio March 28, 2007) (quoting *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995) (quoting 28 U.S.C. § 1920)).

[72] *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964) (rev'd on other grounds, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)).

[73] *Id.*

[74] *See*, *Whirlpool Corp. v. LG Elecs.*, No. 1:04-CV-100, 2007 WL 2462659, at *1 (W.D. Mich. Aug. 26, 2007).

[75] *See*, *Hartford Fin. Servs.*, 2007 WL 963320, at *5.

described in a decision from this District[76] is "to look to the prevailing party to initially support its submitted bill of costs with some basis by which the court may exercise its obligation to fully scrutinize that submission."[77]

**E.      Peltz's motion for summary judgment on the issue of Metzger's participation in a civil conspiracy to commit fraud – proposed findings 1-13 – should be granted.**

I note initially that the issue of stating the elements needed for proving a civil conspiracy in Ohio is not before me.  The elements were set forth in this Court's initial order and were not disturbed by the Sixth Circuit.  The elements, as stated in the Sixth Circuit's order, are:

(1)      a malicious combination;

(2)      two or more persons;

(3)      injury to person or property; and

(4)      existence of an unlawful act independent from the actual conspiracy.[78]

In its remand, the Sixth Circuit raised three areas of concern:

---

[76] *Twee Jonge Gezellen, Ltd. v. Owens-Illinois*, No. 3:04-CV-7349, 2008 WL 905996 (N.D. Ohio March 31, 2008).

[77] *Id*., at *4 n.53; *accord*, *Piers v. Higgs*, No. 1:06-CV-135, 2009 WL 884620, at *1 n.1 (W.D. Mich. March 30, 2009), citing *Twee Jonge*, 2008 WL 905996, at *4 n.53.  Because courts may not award costs until they have subjected a request to careful scrutiny, "prudent prevailing parties will provide some support" for their requested costs when they are submitted.

[78] ECF # 91 (Sixth Circuit order) at 11.

(1)    being certain that the facts show "damage caused by the conspiracy, not simply the conspiracy itself;"

(2)    factual support for the existence of the civil conspiracy not dependent on evidence developed in the sanctions process; and

(3)    factual support for damages that takes into account that some assets that may have been fraudulently transferred were also encumbered, thus not available to satisfy Peltz's judgment.[79]

I propose to address these three concerns collectively.

Essentially, the nature of proof regarding the civil conspiracy is in several steps.  The evidence developed at the March 20, 2009, deposition of Moretti, and submitted here, indicates that:

(1)    Metzger and Moretti both knew of Moretti's debt to Peltz;[80]

(2)    both knew of the finacial condition of the nursery, particularly that it had sufficient available assets to pay the debt to Peltz;[81]

(3)    Moretti paid Metzger to create the plan to transfer assets solely to prevent Peltz from being paid on his judgment;[82]

(4)    Metzger was aware prior to that transfer of the debt to Peltz, that the nursery had sufficient available assets to pay the debt, that the contemplated transfer was solely for the purpose of having the nursery avoid the debt; and that Metzger was aware after the transfer that it had prevented Peltz from collecting his judgment.[83]

---

[79] *Id*. at 11-12.

[80] *See*, ECF # 104 at 10, quoting deposition testimony.

[81] *Id.* at 10-11.

[82] *Id.*

[83] *Id.* at 11-12.

-16-

Based on the above facts, all developed from sworn deposition testimony of Moretti and not refuted here by Metzger, I recommend finding that Peltz has established that Metzger was involved in a civil conspiracy to defraud Peltz and that this conspiracy was successful in its end.  I further recommend finding that the proof, also grounded on the same sworn deposition testimony of Moretti, establishes that the nursery had sufficient available assets to pay the Peltz judgment.

In particular, given the Sixth Circuit's concern that assets of the nursery may have been encumbered and so not available for payment of the debt regardless of the fraudulent transfer, I note that the nursery's corporate assets prior to the transfer, as reflected in its tax returns, included a payment due of over $90,000 from Richard Moretti.[84]  This asset plus the testimony of Moretti that sufficient assets of the nursery prior to the transfer "would have been available to pay the debt owed to Scott Peltz" stand as unrefuted testimony that the transfer arranged by Moretti and Metzger had the effect of actually defrauding Peltz and damaging him to the degree of the unpaid debt.

As to the issue of whether these facts are now supported only by evidence not involved with the sanction, I recommend finding initially that the following 13 of Peltz's 15 proposed findings of fact and/or conclusions of law are sufficiently supported by Rule 56 evidence not a part of the sanction proceeding so as now to support a grant of summary judgment to Peltz:

_____

[84] *Id*. at 7.

(1)     a prior order of the United States District Court for the District of Delaware (proposed finding of fact # 1);

(2)     stipulations entered into by the parties to this case, ECF # 43 (proposed finding of fact # 4);

(3)     the September 28, 2005, deposition of Richard Moretti, ECF # 26, and the March 20, 2009. deposition of Richard Moretti, ECF # 104, Attachment 1 (proposed findings of fact #s 2, 3, 5, 7, 8 , 9, 11 and 12);

(4)     the order of this Court of August 25, 2006, granting summary judgment to Peltz against Richard Moretti, ECF # 30 (proposed conclusion of law # 6); and

(5)     the order of the Sixth Circuit of September 11, 2008 (proposed conclusion of law # 10).

I further recommend finding that proposed conclusion of law # 13 is supported by evidence and legal conclusions already cited above. However, for the reasons discussed immediately hereafter, I recommend that proposed findings of fact and/or conclusions of law # 14 and # 15 be found either unsupported by the evidence and/or contrary to law as more fully described below.

## F.    Peltz's motion for punitive damages and attorney fees should be denied.

As outline earlier, any punitive damages here would require, beyond merely establishing that a fraud was committed as a result of a civil conspiracy, establishing that the proven fraud was then either "aggravated by the existence of malice or ill will" or was "particularly gross or egregious."[85]  The record here does not contain any evidence beyond

---

[85] *Stancic*, 420 F. Supp. 2d at 806.

proof of the conspiracy and commission of the resulting fraud to support an award of punitive damages.

Specifically, there is certainly nothing to support a finding by "clear and convincing evidence" that this action was animated by actual malice or ill will toward anyone.  Indeed, the record suggests the fraud was the result of the simple, self-centered desire of Moretti to avoid paying a debt and Metzger's willingness to help Moretti and accept payment for that.  There is further no basis for concluding that this action was in any way particularly gross or egregious.

Moreover, there is no evidence, as Peltz argues, that punitive damages are available based on the fact that Metzger acted with a conscious disregard for the rights and safety of others in a way that had a great probability of causing substantial harm.[86]  The evidence here is clear that this was a one-time event, strictly limited in scope and unlikely to re-occur.  As an Ohio appeals court recently concluded in denying punitive damages in another case of fraud,  "there is no evidence to suggest that [the] fraudulent conduct was ever widespread or otherwise part of a larger pattern of wrongdoing," and, thus, there could be no entitlement to punitive damages.[87]

---

[86] ECF # 104 at 13.

[87] *Desai v. Franklin*, 177 Ohio App.  3d 679, 699, 895 N.E.2d 875, 890 (Ohio Ct. App. 2008).

Accordingly, absent the ability to rely on any clear and convincing evidence that the action here was either aggravated by malice or ill will, or was of a particularly gross or egregious nature, I recommend not making any finding of fact and/or conclusion of law that Peltz is entitled to punitive damages.

Moreover, if that recommendation is adopted, Ohio law, as noted above, would not support the award of attorneys fees in this case.  Consequently, I further recommend denying any finding of fact and/or conclusion of law granting attorneys fees to Peltz.

## G.    Peltz's motion for costs should be denied without prejudice to it being reasserted later with proper support.

I observe first that, although Peltz has moved for an award of "expenses and costs" associated with "bringing and prosecuting this action,"[88] there is now no specific cost or expense claimed, nor any particular amount.  As such, this Court is without any record to carefully scrutinize prior to awarding any costs.  At best, in its present posture, Peltz in this situation is just potentially a prevailing party who would, upon granting of summary judgment, then be presumptively entitled to tax any costs specified in the statute that could be established after careful scrutiny by this Court as reasonable and necessary to maintaining this action.

Accordingly, I recommend denying the present motion for costs and fees without prejudice to it being presented again at a later time.

---

[88] ECF # 104 at 14; see also ECF # 105 at 5.

## Conclusion

For the foregoing reasons, I recommend that the motion of Scott Peltz for summary judgment, together with costs and attorneys fees, be granted in part and denied in part as set forth above.

Dated:   September 21, 2009                    s/ William H. Baughman, Jr.
                                               United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[89]

---

[89] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).